ROIG *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Humacao.

No. 108.—Decided January 25, 1912.

DENIAL OF RECORD—GROUNDS FOR DECISION—POWERS OF REGISTRARS.—Where a decision refusing to enter the record of a deed creating a servitude is appealed from and reversed by the Supreme Court the registrar has no power to refuse for a second time to enter the record on a ground different from that already set forth by him in his first decision, for it is the duty of registrars to set forth in a single decision all the legal grounds in support of the refusal.

ADMINISTRATIVE APPEALS—SUPREME COURT DECISIONS—DOCTRINE OF STARE DECISIS.—Judgments rendered by the Supreme Court on administrative appeals from decisions of registrars of property are final and are *stare decisis* from an administrative point of view as regards the case involved, and to bring up the same question again is contrary to law and in violation of the incontrovertible principle that no case may be decided twice by the same authority.

ID.—PARTIES TO AN ADMINISTRATIVE APPEAL.—The only parties entitled to intervene in an administrative appeal, according to the Act governing appeals from decisions of registrars enacted March 1, 1902, are those who are really interested and who made the application for the admission of the instrument to record and the registrar who denied the application, and all provisions of the Mortgage Law and of the Regulations for its enforcement contrary to such law have been repealed thereby.

The facts are stated in the opinion.

*Mr. Francisco González Fagundo* for appellant.

The registrar appeared in his own behalf.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of court.

By public deed executed November 15, 1896, Rodulfo Leoncio Pérez y Polanco, at that time the owner of the property known as "Providencia," situated in the district of Humacao, segregated and sold to Antonio Roig Torrellas a parcel of land consisting of 12 *cuerdas* with the buildings, establishments, machinery and appurtenances situated thereon, it having been established under the sixth clause of said deed that the vendor bound himself to permit the passage through the property, "Providencia" of such roads as the vendee might consider necessary.

A record of this sale and of the declaration of the right of way set forth in the sixth clause affecting both the main property "Providencia of such roads as the vendee might the segregated parcel, which was given the name of "El Ejemplo," was entered in the Registry of Property of Humacao, these records not having been canceled in the registry.

At the death of Rodulfo Pérez y Polanco the property "Providencia" was divided among his heirs, his daughter, Julia Ana María Pérez y Sánchez, receiving a portion thereof consisting of 53.75 *cuerdas,* which as a separate property and under the name of "Vega del Recreo" was recorded in the registry, no mention being made of the condition stipulated in the deed of November 15, 1896.

This is the condition in which matters stood when Antonio Roig Torrellas presented the deed of November 15, 1896, for registration in the Registry of Property of Humacao with a petition requesting the registrar to add to the record of the property "Vega del Recreo," acquired by inheritance by Julia Ana María Pérez y Sánchez, the declaration of the right of way stipulated in the aforesaid deed, on the ground that the property was part of the servient estate "Providencia," and also because the fact that a servient estate is divided into

two or more parcels does not in any way modify the servitude, each parcel being affected thereby in the corresponding proportion.

The petition for the record of the servitude was denied by the registrar in an entry made May 15, 1911, on the sole ground that the property "Vega del Recreo" was already recorded in favor of Julia Ana María Pérez y Sánchez free from that encumbrance under a title subsequent to that of the creation thereof (art. 17 of the Mortgage Law), the registrar entering instead the cautionary notice effective for 120 days provided for by the law.

An appeal was taken from the above decision of the registrar which resulted in the reversal thereof by this court on October 11, 1911, the registrar being directed to admit to record the declaration aforesaid; but the registrar, far from complying with this order of the court, reiterated his refusal in the following entry:

"The application for admission to record of the declaration of a servitude under clause 6 of this instrument is hereby denied as far as it concerns the property known as 'Vega del Recreo,' consisting of 53.75 *cuerdas* situated in *barrio* Teja of this district, and which was once a part of the estate known as 'Providencia,' for the reason that the property 'Vega del Recreo' already appears recorded in favor of the firm of G. Martínez & Co., which purchased it free from any such encumbrance. But in lieu thereof I enter a cautionary notice effective for 120 days under the provisions of the law in volume 28 of Humacao, page 153 over, property No. 1199, entry letter 'B.' Humacao, P. R., November 11, 1911.  Miguel Planellas, Registrar."

The present appeal is taken from the above decision of the registrar by Antonio Roig Torrellas.

From an examination of the records submitted with the appeal it appears that a deed executed before the notary, Pedro de Aldrey, on December 29 of the preceding year was admitted to record in the registry of Humacao on February 27, 1911.  By this deed Julia Ana María Pérez y Sánchez sold for $12,500 to the firm of G. Martínez & Co. the prop-

erty known as "Vega del Recreo" which she had inherited from her father, Rodulfo Leoncio Pérez y Polanco, the sale being made under certain conditions set forth in the deed on which nothing appears with reference to the servitude above mentioned.

As may be seen, the deed executed by Julia Ana María Pérez y Sánchez in favor of G. Martínez & Co. was admitted to record in the Registry of Property of Humacao prior to May 15, 1911, on which date the registrar refused to record the servitude on the property "Vega del Recreo" requested by Antonio Roig Torrellas on no other ground except that the property was already recorded in favor of Julia Ana María Pérez y Sánchez free from such encumbrance under a title subsequent to the adjudication of the property to her. The registrar at that time did not make the slightest mention of the fact that the property was recorded, as it really was, free from such encumbrance in favor of G. Martínez & Co., this fact having been brought out by him in his decision of November 15, 1911, refusing for a second time to enter the record, and from such decision this appeal is taken.

In entering that decision the registrar exceeded his authority which was limited by the order of this court of November 15, 1911, directing him to admit the matter to record and to perform such other acts as the compliance with the order might require, and he was not permitted to bring up for consideration either the propriety or impropriety of the admission of the matter to record on a ground different from that already set forth by him in his entry of May 15, 1911, for the reason that when a registrar refuses to enter a record he is in duty bound to set forth in a single entry all the legal grounds in support of his denial, according to the jurisprudence already established by the General Directorate of Registries of Spain confirmed by the provisions of section 1 of the Act governing appeals from the decisions of registrars, approved March 1, 1902.

The setting forth by the registrar of certain grounds to

the exclusion of others shows that only those given by him were in his mind when refusing to admit the said declaration to record, therefore the dispute arising between the parties and the registrar on account of the latter's refusal to admit to record the declaration in question may be narrowed down to a discussion as to whether or not the reasons given are or are not well founded, and judgments rendered on appeals from decisions of registrars are final and definitely settle the questions involved therein, since to bring up the same case again is contrary to law and in violation of the incontrovertible principle that no case may be decided twice by the same authority. A contrary view of this principle would produce the result that there would never be a state of law of a serious and stable nature upon which one may depend in matters of an administrative character, as the party obtaining a favorable decision in an administrative proceeding would find himself compelled to take a number of appeals equal to as many grounds as the registrar might see fit to invoke separately, although all these grounds, as is the case here, might have been stated together at the start.

In support of this view we may cite the decisions of the General Directorate of Registries of Spain of February 4, 1867, January 14, 1867, and November 30, 1897.

We cannot discuss the question as to whether or not the decision from which this appeal has been taken can be sustained on the ground alleged, for this would be equivalent to bringing up again for discussion a case which has already been finally acted upon.

It is alleged by the registrar that by a clerical error the entry of May 15, 1911, did not contain the principal ground upon which the refusal was based, which was that the property "Vega del Recreo" was already recorded by virtue of its sale to G. Martínez & Co. free from the encumbrance which it is now sought to impose upon it.

Such an allegation is inadmissible and unjustifiable.

The firm of G. Martínez & Co. has appeared in this ap-

peal praying to be admitted as a party to the same for the purpose of supporting the decision causing this appeal.

G. Martínez & Co. are not entitled to make such a request under the law governing appeals from decisions of registrars, enacted May 1, 1902, as a perusal of sections 1, 2, 3 and 5 thereof will show.

The only parties to this appeal are Antonio Roig Torrellas, who made the application for the admission of the servitude to record, and the registrar of Humacao who denied the application.

The provisions of the Mortgage Law and the corresponding ones of the regulations for its enforcement, which the firm of G. Martínez & Co. may invoke in its favor, have all been repealed by section 10 of the Act of March 1, 1902.

If the aforesaid firm believes it has suffered any damages it has a perfect right to seek its remedy by bringing the proper action, but not by a proceeding of this character.

In view of the foregoing reasons we are of the opinion that the decision of the registrar from which this appeal has been taken should be reversed, the firm of G. Martínez & Co. not being permitted to intervene in this appeal, and that the registrar should be directed to make the entry of the servitude denied by him, the said firm being left free to enforce whatever rights to which it may consider itself entitled in the manner provided by law.

*Reversed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.